UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BRIAN J. BOWMAN,

      Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

Case No. 1:11-cv-865

Honorable Joseph G. Scoville

**OPINION**

      This is a social security action brought under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits (DIB). On February 27, 2008, plaintiff filed his application for benefits alleging a November 4, 2007 onset of disability. (A.R. 119-25). His claim for DIB benefits was denied on initial review. (A.R. 73-82). On May 6, 2010, plaintiff received a hearing before an ALJ, at which he was represented by counsel. (A.R. 30-66). On May 24, 2010, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 16-23). The Appeals Council denied review on June 21, 2011 (A.R. 1-3), and the ALJ's decision became the Commissioner's final decision.

      Plaintiff filed a timely complaint seeking judicial review of the Commissioner's decision. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, the parties voluntarily consented to have a United States magistrate judge conduct all further proceedings

in this case, including entry of final judgment. (docket # 7). Plaintiff argues that the Commissioner's decision should be overturned on the following grounds:

1. The ALJ committed reversible error "by not considering that plaintiff had been determined totally disabled by the ultimate opinion of the vocational expert[;]" and

2. The ALJ committed reversible error "by finding the residual functional capacity to perform a full range of work at all exertion[al] levels but with non-exertion[al] limitations of no climbing ropes, ladders, or scaffolds, the need to avoid even moderate exposure to extremes of heat, cold or noise, and all exposure to wetness, humidity, airborne irritants and hazards, performing only simple repetitive tasks."

(Plf. Brief at 4, docket # 8). Upon review, the Commissioner's decision will be affirmed.

## Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, No. 11-2304, __ F.3d __, 2012 WL 3871353, at * 4 (6th Cir. Sept. 7, 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the

Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

**Discussion**

The ALJ found that plaintiff met the disability insured status requirements of the Social Security Act on November 4, 2007, and continued to meet the requirements through the date of the ALJ's decision. (A.R. 18). Plaintiff had not engaged in substantial gainful activity on or after November 4, 2007. (A.R. 18). Plaintiff had the following severe impairments: "obstructive sleep apnea, status-post nasal septal reconstruction, and a cognitive disorder." (A.R. 18). The ALJ found that plaintiff did not have an impairment or combination of impairments which met or equaled the

requirements of the listing of impairments. (A.R. 19). The ALJ found that plaintiff retained the following residual functional capacity:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: [] no climbing of ropes, ladders, or scaffolds; the need to avoid even moderate exposure to extremes of heat, cold or noise, and all exposure to wetness, humidity, airborne irritants, and hazards; performing only simple, repetitive tasks.

(A.R. 20). The ALJ found that plaintiff's testimony regarding his subjective limitations was not fully credible. (A.R. 20-22). Plaintiff was unable to perform his past relevant work. (A.R. 22). Plaintiff was 51-years-old as of his alleged onset of disability, and 54-years-old as of the date of the ALJ's decision. Thus, he was classified as an individual closely approaching advanced age at all times relevant to his claim for DIB benefits. (A.R. 22). Plaintiff has at least a high school education and is able to communicate in English. (A.R. 22). The transferability of work skills was not material to a disability determination. (A.R. 22). The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age and with his RFC, education, and work experience, the VE testified that there were approximately 20,000 jobs in the State of Michigan that the hypothetical person would be capable of performing. (A.R. 60-65). The ALJ found that this constituted a significant number of jobs and held that plaintiff was not disabled. (A.R. 22-23).

**1.**

Plaintiff states that the ALJ committed reversible error "by not considering that plaintiff ha[d] been determined totally disabled by the ultimate opinion of the vocational expert." (Plf. Brief at 4). There is no developed argument corresponding to this statement of error. Plaintiff quotes portions of the hearing transcript and provides no supporting legal authority. (*Id.* at 4-5).

Issues raised in a perfunctory manner are deemed waived. *See Clemente v. Vaslo*, 679 F.3d 482, 497 (6th Cir. 2012); *Geboy v. Brigano*, 489 F.3d 752, 767 (6th Cir. 2007).

Assuming that the issue had not been waived, it is meritless. The ALJ and plaintiff's attorney asked the VE a series of hypothetical questions. (A.R. 60-65). The ALJ was not bound by the VE's responses to the attorney's hypothetical questions that assumed the truth of plaintiff's testimony regarding his need to lie down and inability to remember and carry out simple instructions. (A.R. 65). The ALJ found that plaintiff's testimony was not credible, and his factual finding is supported by more than substantial evidence. (*see* A.R. 20-22).

The VE does not determine a claimant's medical restrictions or how they impact on the claimant's residual functional capacity -- that is the ALJ's job. *See Webb v. Commissioner*, 368 F.3d 629, 633 (6th Cir. 2004); *Maziarz v. Secretary of Health & Human Servs.*, 837 F.2d 240, 247 (6th Cir. 1987). The ALJ uses vocational expert testimony in the process of determining whether a significant number of jobs exist that a claimant can perform despite his impairments. 837 F.2d at 247. It is common practice for an ALJ to ask the VE a hypothetical question incorporating a possible finding of disabling pain, fatigue, and other subjective complaints. *See, e.g., Rabbers v. Commissioner*, 582 F.3d 647, 651 (6th Cir. 2009). Here, plaintiff's attorney asked the hypothetical questions asking the VE to assume that plaintiff's testimony regarding his limitations was credible. (A.R. 65). Merely posing the hypothetical question does not compel the ALJ to find that the claimant actually suffered disabling fatigue, pain, or other subjective symptoms. The hypothetical question and response simply create a record from which the ALJ could base a decision finding that a significant number of jobs do or do not exist, in the event that the ALJ concludes that the claimant indeed suffers the degree of limitation he claims. Here, the ALJ found that plaintiff's subjective

complaints were not fully credible. (A.R. 20-22). The ALJ was not bound in any way by a VE's responses to hypothetical questions incorporating a contrary assumption.

**2.**

Plaintiff argues that the ALJ's factual finding regarding his RFC is not supported by substantial evidence. His argument is quoted in its entirety below:

> The ALJ erred in ruling that claimant[']s residual functional capacity was to perform a full range of work at all exertion levels but with non-exertion[al] limitations of no climbing of ropes, ladders, or scaffolds, the need to avoid even moderate exposure to extremes of heat, cold, and noise and all exposure to wetness, humidity, airborne irritants and hazards; performing only simple repetitive tasks.
>
> Light work requires lifting up to 20 pounds at a time with frequent lifting and carrying of objects weighing up to 10 pounds. 20 CFR subsection 404.1567[.]
>
> The residual functional capacity described for the present case is neither supported by the law nor the facts.
>
> Clearly plaintiff has medically noted seizure disorders and cognitive dysfunction that precludes him performing any work. These issues clearly preclude plaintiff from performing any work as specifically ruled out by the employment expert. (opinion Page 8 of 8 and transcript page 65[).] [A]t an office visit of Dr. Buswinka dated 2/7/2008[, the doctor] noted severe positional obstructive sleep apnea, with an impression of cognitive decline likely present on the basis of sleep disturbance secondary to [] sleep apnea as well as a history of partial seizures. (H019F) and H05F. Plaintiff attempted to do his job until his cognitive issues placed himself and patients in jeopardy and he left his employment.

(Plf. Brief at 5-6). Plaintiff cites no supporting legal authority other than his passing reference to the definition of light work found in 20 C.F.R. § 404.1567(b). Issues raised in a perfunctory manner are deemed waived. *See Clemente v. Vaslo*, 679 F.3d at 497.

Assuming that the issue had not been waived, it is meritless. Plaintiff's argument, to the extent that it is intelligible, is that the progress note from his February 7, 2008 visit with Dr.

Buswinka would support a more restrictive RFC than the one the ALJ found.[1] Plaintiff's burden on appeal is much higher than citing evidence on which the ALJ could have found a greater level of restriction. He must show that the ALJ's factual finding is not supported by substantial evidence. *See Jones v. Commissioner*, 336 F.3d at 477 ("[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ."). If anything, Dr. Buswinka's progress note (A.R. 244) would have supported an RFC finding less favorable to plaintiff's claim than the one the ALJ made. Dr. Buswinka considered the cognitive decline, poor concentration, and other problems that plaintiff reported were likely attributable to his sleep apnea, were temporary in nature, and would not prevent him from returning to work as a respiratory therapist:

> I expect that with proper treatment he will likely see a return to his prior cognitive baseline. A return to normal duties at work would logically follow. For the time being, he needs to be off work until his medical issues are appropriately dealt with. I would anticipate he will be back to work at the end of the month.

(*Id.*). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Heston v. Commissioner*, 245 F.3d at 534. The ALJ's factual finding regarding plaintiff's RFC is supported by more than substantial evidence. (*see* A.R. 20-22).

---

[1] RFC is the most, not the least, a claimant can do despite his impairments. 20 C.F.R. § 404.1545(a); *see Kornecky v. Commissioner*, 167 F. App'x 496, 499 (6th Cir. 2006). RFC is an administrative finding of fact reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(2).

## Conclusion

For the reasons set forth herein, a judgment will be entered affirming the Commissioner's decision.

Dated:   September 21, 2012          /s/  Joseph G. Scoville
                                     United States Magistrate Judge